HON. DANIEL KLEPAK Commissioner, Office of Drug Abuse Services
This is in reply to the letter of your counsel, Douglas A. Eldridge, requesting my opinion as to whether personal property, owned by the State, may be loaned without monetary consideration to a drug treatment program operated by a non-profit corporation which does not receive State funds. You state in the request that a subcontractor of a local agency, receiving State funding pursuant to Article 83 of the Mental Hygiene Law, purchased farm equipment from State funds received under the subcontract, title to which equipment vested and remains in your Agency. The program for which the equipment was purchased is defunct and it is proposed to loan the equipment, for no monetary consideration, to a drug treatment program, operated by a non-profit corporation, and approved under Mental Hygiene Law, § 81.38, but receiving no State funds. You inquire as to whether such a loan is permitted under Article VII, § 8 of the State Constitution.
Article VII, § 8 provides in pertinent part:
 "1. The money of the state shall not be given or loaned to or in aid of any private corporation or association, or private undertaking * * *, but the foregoing provisions shall not apply to any fund of property now held or which may hereafter be held by the state for * * * mental health * * * purposes."
From the foregoing it is apparent that property is equated with money and is equally subject to the application of the prohibitions contained in Article VII, § 8.
Even though the corporation involved is non-profit, it is still a private corporation within the meaning of the Constitution. A loan of the equipment would therefore violate the provisions of Article VII, § 8, unless one of the exceptions therein contained applies.
In section 81.01 of the Mental Hygiene Law, the Legislature specifically found that a comprehensive program of treatment of narcotic addicts and other drug dependent persons "is essential to the protection and promotion of the health and welfare of the inhabitants of the state". The Office of Drug Abuse Services, established in the Department of Mental Hygiene, has among its powers the prior approval of narcotic addict and drug abuse programs pursuant to Mental Hygiene Law, §81.38. The placement of the statutory provisions relating to drug abuse programs in the Mental Hygiene Law and the Office of Drug Abuse Services within the Department of Mental Hygiene constitutes a finding that drug abuse and narcotic programs are within the mental health field. The property here in question was, therefore, acquired and is being held for mental health purposes.
I, therefore, conclude that property acquired for a drug treatment program is property "held by the state for * * * mental health * * * purposes" within the meaning of Article VII, § 8 and may be loaned, without monetary consideration, to another drug treatment program operated by a non-profit corporation.